IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OMENE J. KNIGHT,

                                                                             OPINION and ORDER

                    Petitioner,

                                                                             09-cv-18-bbc

     v.

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Omene J. Knight, an inmate at the Green Bay Correctional Institution in Green Bay, Wisconsin, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his January 27, 2005 conviction in the Circuit Court for Rock County of being party to the crime of attempted first degree intentional homicide by use of a dangerous weapon. He alleges that his trial lawyer was ineffective for not objecting to a breach of the plea agreement, for advising petitioner to plead guilty and for failing to seek suppression of statements petitioner made to a jailhouse informant.

      Now before the court is the state's motion to dismiss the petition. The state contends that petitioner is procedurally barred from raising his claims because they were not included

1

in his petition for review in the state supreme court. Although petitioner concedes that he has procedurally defaulted his claims, he contends that he is able to demonstrate cause and prejudice to overcome his procedural default. He alleges that the cause for his procedural is his appellate lawyer's failure to include these claims in his petition for discretionary review. I find that, because petitioner did not have a federal right to counsel in filing his petition for review with the state supreme court, his attorney's alleged errors cannot constitute "cause" for the procedural default. Further, I find that he cannot overcome procedural default by recasting his ineffective assistance of counsel claim as an equal protection or due process claim. Because petitioner has failed to establish cause and has made no attempt to satisfy the fundamental-miscarriage-of-justice exception to the procedural default rule, I will grant respondent's motion and dismiss the petition.

The following facts are drawn from the state court of appeals' unpublished opinion in State v. Knight, No. 2006AP11460-CR, 2007 WL 2198598 (Ct. App. Aug. 2, 2007), and documents attached to the state's motion to dismiss.

FACTS

In August 2003, the state charged petitioner and a co-defendant each with multiple counts arising out of two shooting incidents. Petitioner was unable to post cash bond and was jailed awaiting trial. To curry favor in his own case, a fellow inmate named Ronald

Woods provided police with correspondence containing inculpatory statements allegedly written by petitioner. Woods suggested that the police could verify that the statements were in petitioner's handwriting by comparing the correspondence to other written materials of his that were in the sheriff's custody after being seized during a lockdown at the jail. An officer looked at petitioner's personal property and observed the similarity in handwriting before obtaining a warrant.

Petitioner's lawyer hired a handwriting expert to analyze the correspondence to corroborate petitioner's claim that he had not written the statements. However, before the expert had completed her analysis, petitioner decided to enter into a plea agreement. Under the agreement, the state dismissed multiple counts in the case and another case that was pending against petitioner, and agreed to recommend a sentence of two years' actual confinement followed by 18 years of extended supervision. The court did not follow the recommendation, but instead sentenced petitioner to 15 years' actual confinement followed by another 15 years of extended supervision.

Petitioner then filed an unsuccessful post conviction motion, followed by a direct appeal. Petitioner was represented on appeal by a lawyer appointed by the state public defender's office. On appeal, petitioner claimed that his trial lawyer had provided ineffective assistance by 1) failing to seek suppression of the inculpatory statements turned over by Woods on the grounds that Woods was acting as an agent for the state when he obtained

3

them; 2) failing to seek suppression of the other writing samples examined without a warrant on the ground that petitioner had a reasonable expectation of privacy in his personal papers while he was in pretrial detention; 3) failing to challenge certain comments by the prosecutor at sentencing as a breach of the plea agreement; and 4) advising petitioner to accept the plea agreement. The court of appeals rejected petitioner's arguments and affirmed his conviction. Knight, 2007 WL 2198598.

Petitioner's appointed lawyer filed a petition for review in the Wisconsin Supreme Court. The petition raised only the claim that trial counsel had been ineffective for failing to seek suppression of the fruits of the warrantless search of petitioner's jailhouse correspondence. On October 10, 2007, the court denied the petition.

On January 13, 2009, petitioner filed this habeas petition. Petitioner contended that his trial counsel was ineffective in three respects: (1) failing to object to the prosecutor's remarks at the sentencing hearing; 2) advising petitioner to enter into a plea bargain; and 3) failing to seek suppression of the inculpatory statements he made to Woods. Petitioner acknowledged that he had failed to raise these claims in his petition for discretionary review, but alleged that the omission was attributable to the ineffectiveness of his appellate lawyer, which petitioner stated as a fourth, independent ground for relief.

4

OPINION

According to 28 U.S.C. § 2254(b)(1)(A), a habeas petition shall not be granted unless the petitioner "has exhausted the remedies available in the courts of the State." The principles of comity underlying the exhaustion doctrine require the petitioner to give the state courts a "full and fair opportunity to resolve constitutional claims" before raising those claims in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To comply with this requirement, the petitioner must assert his claims through one complete round of state court review. Id.; Lewis v. Sternes, 390 F.3d 1019, 1025-26 (7th Cir. 2004). For a Wisconsin prisoner, this means that he must assert each of his claims in a petition for review to the Wisconsin Supreme Court. Moore v. Casperson, 345 F.3d 474, 485-86 (7th Cir. 2003) (Wisconsin Supreme Court's discretion to grant judicial review is similar to that of Illinois Supreme Court, and Boerckel requires presentation of all issues to that court). Claims not submitted to the Wisconsin Supreme Court are procedurally defaulted. Id. at 486. When a claim has been procedurally defaulted, the federal court cannot consider its merits unless the petitioner demonstrates either that causes exists for the default and actual prejudice would result if he could not raise the claims as required or that enforcing the default would lead to a "fundamental miscarriage of justice." Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003). Sufficient cause exists to excuse procedural default only when it

5

is external to the petitioner, that is, not fairly attributable to the petitioner himself. Coleman v. Thompson, 501 U.S. 722, 753 (1991).

Petitioner concedes that he procedurally defaulted his claims by failing to submit them to the Wisconsin Supreme Court. He argues, however, that his default ought to be excused because he can show "cause" and "prejudice" for his failure. For "cause," petitioner points to the alleged ineffectiveness of his lawyer. However, attorney error constitutes "cause" for a procedural default only if it is an independent constitutional violation under the Sixth Amendment, for only then can counsel's conduct be imputed to the state. Coleman, 501 U.S. at 755; Murray v. Carrier, 477 U.S. 478, 488 (1986). When counsel's performance is not constitutionally ineffective, the petitioner bears the risk of attorney error that results in procedural default. Murray, 477 U.S. at 488. To be an independent constitutional violation, attorney error must rise to the level of ineffective assistance of counsel at a time when a petitioner is constitutionally entitled to counsel. Coleman, 501 U.S. at 752. In other words, where there is no constitutional right to counsel, there can be no deprivation of effective assistance. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam). As petitioner concedes, he cannot establish such a violation because he had no constitutional right to counsel in filing a petition for review with the state's highest court. Ross v. Moffitt, 417 U.S. 600, 610 (1974). (For this same reason, petitioner cannot obtain

6

habeas relief on his independent claim of ineffective assistance of counsel at the discretionary review stage, a point he concedes.)

Petitioner attempts to avoid this precedent by shoe-horning his ineffective assistance of counsel claim into an equal protection or due process claim. He begins with the undisputed assertion that under Wis. Stats. §§ 809.32(4) and 977.05(4)(j), he had the right to counsel when he filed his petition for review, and that this right includes the right to effective counsel. State ex rel. Schmelzer v. Murphy, 201 Wis. 2d 246, 253, 548 N.W. 2d 45 (1996). (To the extent that petitioner argues that he had a state *constitutional* right to effective assistance of counsel in filing a petition for review in the state supreme court, he is incorrect. State v. Mosley, 102 Wis. 2d 636, 662-64, 307 N.W.2d 200, 211-13 (1981) (under Ross, defendant not constitutionally entitled to be represented at discretionary review level).) He then argues that under Evitts v. Lucey, 469 U.S. 387 (1985), a deprivation of this right amounts to a violation of his rights under the equal protection and due process clauses of the Fourteenth Amendment. Petitioner relies on the following language from Evitts, 469 U.S. at 393: "[I]f a State has created appellate courts as "an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant," Griffin v. Illinois, 351 U.S. at 18, the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." Although petitioner does not fully develop his argument, I understand his argument to be that because

7

Wisconsin has made the right to effective assistance of counsel in a petition for discretionary review an "integral part" of its appellate process, any violation of this right violates his rights to equal protection and due process.

The Supreme Court rejected a similar argument in Pennsylvania v. Finley, 481 U.S. 551 (1987). In that case, the respondent argued that the lawyer who had been appointed to represent her in state habeas proceedings was required to follow the procedure mandated by the Court in Anders v. California, 386 U.S. 738 (1967), before seeking to withdraw from the case. Relying on Evitts, the respondent argued that even though the state was not required to grant her access to a lawyer on post conviction review, once it had done so, the lawyer's action had to comport with Anders. Id. at 557. The court rejected this argument, noting that "the substantive holding of Evitts--that the State may not cut off a right to appeal because of a lawyer's ineffectiveness— epends on a constitutional right to appointed counsel that does not exist in state habeas proceedings." Id. at 558. For this same reason, Evitts does not help petitioner in this case because petitioner had no constitutional right to counsel in the discretionary review proceeding. As a result, he had no federal right to insist that his lawyer's performance meet the constitutional standards for effective counsel. The fact that the state has imposed an "effectiveness" requirement as a matter of state law is simply irrelevant for federal purposes. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (state law errors not cognizable in federal habeas proceedings). Accord Bonin v. Vasquez, 999

8

F.2d 425, 430-31 (9th Cir. 1993) (even if petitioner had state law right to counsel in state collateral proceedings, "the deprivation of that state-law right would not be the 'independent constitutional violation' of Coleman, because Coleman referred only to violations of the *federal* constitution") (emphasis in original).

Finally, petitioner argues that he had cause for his procedural default because Wisconsin does not allow hybrid representation and therefore he could not file a *pro se* supplement to the petition for review while he was represented by counsel. In addition, he asserts that his lawyer had promised to include all of the grounds raised on appeal in the petition for review and petitioner did not find out until the time for filing the petition had expired that his lawyer had not done so. These arguments simply are another variation of petitioner's claim that his lawyer was ineffective. As such, they fail to establish "cause," for the reasons just discussed. By accepting court-appointed counsel, petitioner assumed the risk that his lawyer would not raise the issues he wanted raised in the petition for review.

Because I have found that petitioner has not shown cause for his procedural default, I need not address whether he has been prejudiced by the procedural default. Further, petitioner does not attempt to demonstrate that the miscarriage of justice exception applies in this case. Accordingly, I will grant respondent's motion to dismiss the petition.

9

ORDER

IT IS ORDERED that respondent William Pollard's motion to dismiss petitioner Omene J. Wright's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is GRANTED. Ground One is DISMISSED WITH PREJUDICE because it fails to state a federal constitutional claim. Grounds Two, Three and Four are DISMISSED WITH PREJUDICE on grounds of procedural default.

Entered this 6th day of July, 2009.

BY THE COURT:

*Barbara B. Crabb*
_____
BARBARA B. CRABB
District Judge