IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

OMENE J. KNIGHT,

                                         OPINION and ORDER

                   Petitioner,

                                         09-cv-18-bbc

       v.

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                   Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Omene J. Knight, an inmate at the Green Bay Correctional Institution in Green Bay,

Wisconsin, has filed a notice of appeal from this court's order of July 6, 2009, dismissing his

petition for a writ of habeas corpus.  Because petitioner has not paid the appellate filing fee,

I will construe his filing as also stating a request to proceed in forma pauperis on appeal.

       Under 28 U.S.C. § 2253(c)(1)(A), a petitioner may not appeal from a final order in

a habeas corpus proceeding unless a judge issues a certificate of appealability.  A certificate

of appealability shall issue "only if the applicant has made a substantial showing of the denial

of a constitutional right."  Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000); see also

28 U.S.C. § 2253(c)(2).  In order to make this showing, a petitioner must "sho[w] that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should

1

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). When, as in this case, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

As discussed in the dismissal order, petitioner conceded that he procedurally defaulted his ineffective assistance of trial counsel claims by not including them in his petition for review in the state supreme court. Although petitioner blamed his procedural default on his appellate lawyer, he conceded that he had no constitutional right to counsel in filing a petition for review with the state's highest court. Ross v. Moffitt, 417 U.S. 600, 610 (1974). As a result, his appellate attorney's alleged errors cannot constitute "cause" for the procedural default. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (per curiam) (where no constitutional right to counsel, there can be no deprivation of effective assistance).

I rejected petitioner's attempt to recast his ineffective assistance of counsel claim as an equal protection or due process claim. Specifically, petitioner argued that because he had the right to effective counsel under Wis. Stats. §§ 809.32(4) and 977.05(4)(j) when he filed

2

his petition for review, a deprivation of that right amounts to a violation of his rights under

the equal protection and due process clauses of the Fourteenth Amendment, Evitts v. Lucey,

469 U.S. 387, 393 (1985) ("if a State has created appellate courts as 'an integral part of the

. . . system for finally adjudicating the guilt or innocence of a defendant,' Griffin v. Illinois,

351 U.S. at 18, the procedures used in deciding appeals must comport with the demands of

the Due Process and Equal Protection Clauses of the Constitution.").  However, I explained

that the Supreme Court rejected a similar argument in Pennsylvania v. Finley, 481 U.S. 551,

558 (1987), finding that Evitts did not help petitioner because petitioner had no

constitutional right to counsel in the state proceeding.  Id. ("[T]he substantive holding of

Evitts—that the State may not cut off a right to appeal because of a lawyer's

ineffectiveness—depends on a constitutional right to appointed counsel that does not exist

in state habeas proceedings.").

Reasonable jurists would not debate the conclusion that petitioner had no federal

right to insist that his lawyer's performance meet the constitutional standards for effective

counsel.  The fact that Wisconsin imposes an effectiveness requirement is simply irrelevant

for federal purposes.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (state law errors not

cognizable in federal habeas proceedings).

The next question is whether petitioner is entitled to proceed in forma pauperis on

appeal, which requires the court to find that petitioner is taking his appeal in good faith.  28

3

U.S.C. § 1915(a)(3). To make this finding, a court must determine that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Given the clear legal precedent applicable in this case, I cannot certify that petitioner's appeal is taken in good faith.

                                    ORDER

        IT IS ORDERED that:

        1. Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), petitioner Omene J. Wright's request for a certificate of appealability is DENIED for the reasons stated above. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

        2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

        Entered this 27th day of August, 2009.

                                    BY THE COURT:

                                    /s/

                                    _____
                                    BARBARA B. CRABB
                                    District Judge

                                        4